UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

JAMES EDWARD LAWSON,

    Plaintiff,

v.

STATE OF CALIFORNIA, et. al.,

    Defendants.

No. C 16-0306 NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. (Doc. 6.)

**DISCUSSION**

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states that he has been held in prison past his release date and he seeks money damages.

Confinement beyond the end of an inmate's sentence can give rise to a § 1983 liability if the inmate's continued detention was the result of "deliberate indifference" by state actors.  *Haygood v. Younger*, 769 F.2d 1350, 1354-55 (9th Cir.1985) (en banc).  To establish deliberate indifference, a plaintiff must show that defendants actually knew of his condition and risk of harm, yet failed to take reasonable steps to eliminate that risk.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Over  detention can also present a due process violation:

> A prisoner's petition for damages for excessive custody can be a legitimate § 1983 claim.  A court's first task is to determine whether *Parratt* (random act) or *Logan* (official practice and procedure) controls.  If the wrongful taking of liberty results from either affirmatively enacted or de facto policies, practices

2

> or customs, the court must determine when the responsible state officers received notice of a claim that a wrong was being done.  When an official with the authority to rectify an erroneous practice receives notice of the wrongful practice and its harmful consequences, due process requires the state to provide a hearing before a further denial of liberty can be said to be free from § 1983 liability.

*Haygood*, 769 F.2d at 1359, *citing Parratt v. Taylor*, 451 U.S. 527 (1981), and *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982).

In *Parratt*, the court found that the random and unauthorized deprivation of property by state prison officials cannot be prevented by due process hearings, but a remedial hearing after the injury can provide due process in a limited number of cases.  *Id.* at 1357.  On the other hand, "where the injury is the product of the operation of state law, regulation, or institutionalized practice, it is neither random nor unauthorized, but wholly predictable, authorized, and within the power of the state to control.  In such cases, the state may not take away the protected interest without a hearing in advance of the injury." *Haygood*, at 1357, *citing Logan*, 455 U.S. at 436 (state destroyed the plaintiff's property interest in employment by failing to timely hold a pre-deprivation hearing, resulting in a violation of due process).

Under certain circumstances, prison officials have a duty to investigate a claim that a prisoner's sentence has been miscalculated. *Id.* at 1355 (judgment against prison officials was proper because "after being put on notice, [the prison officials] simply refused to investigate a computational error.").

On October 26, 2015, the California Court of Appeal affirmed plaintiff's conviction but modified the sentence and ordered the clerk of Mendocino County Superior Court to prepare an amended abstract of judgment. *People v. Lawson*, No. A144370, 2015 WL 6456039, at *4 (Cal. Ct. App. Oct. 26, 2015).  On November 23, 2015, the Mendocino County Superior Court issued an amended abstract of judgment.

Plaintiff filed an inmate appeal in November 2015, stating that his case was overturned and he needed to be released.  Though it was just the sentence that was modified.  On November 30, 2015, a prison official responded that the prison had not

received any new documents regarding his case. Plaintiff filed another inmate appeal and received a response that his release date was December 14, 2015. Complaint at 53. Though, plaintiff was still custody after December 14, 2015.

Starting on December 22, 2015, plaintiff filed additional inmate appeals stating that he had passed his release date. On December 29, 2015, a prison official responded that the matter was referred to the case records analyst for review. Complaint at 52. Plaintiff also includes an exhibit that states his release date is January 23, 2016. Complaint at 48. It is not clear if he was released on January 23, 2016.

At this time plaintiff has not presented sufficient allegations to support a § 1983 claim. Based on plaintiff's exhibits, prison officials are still in the process of determining plaintiff's release date in light of the amended abstract from the state court. Plaintiff was sentenced on May 11, 2014, and his sentence was later modified to three years. Plaintiff was entitled to several months of credits for his time in jail prior to being transferred to prison, but he does concede that he lost 75 days of credits while in prison for a violation. Plaintiff has not shown that prison officials have been deliberately indifferent to his request or that they have failed to investigate. Exhibits also indicate that plaintiff's appellate attorney has been contacting the prison on plaintiff's behalf.

It also appears that plaintiff has not fully exhausted this claim. He filed this case shortly after he filed his inmate grievances and there is no indication that he has appealed to the final level or has received a final denial. If plaintiff has filed this case before final exhaustion, the case could be subject to dismissal without prejudice, even if he does eventually exhaust the claim. When a prisoner exhausts a claim after bringing it before the court, his subsequent exhaustion cannot excuse his earlier failure to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that."); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)

(a prisoner does not comply with exhaustion requirement by exhausting available remedies during the course of litigation). The complaint will be dismissed with leave to amend to address all of these issues.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 12, 2016.

NANDOR J. VADAS
United States Magistrate Judge